**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| ISK BIOCIDES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21cv386 |
| | ) | |
| PALLET MACHINERY GROUP INC. | ) | |
| and J&G MANUFACTURING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ANSWER</u>

Defendant, J&G Manufacturing LLC ("Defendant"), by counsel, submits this Answer to the Complaint filed by ISK Biocides, Inc. ("ISK" or "Plaintiff") (ECF No. 1), and respectfully answers and states as follows:

## <u>PARTIES</u>

1.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3.      Defendant admits the allegations of Paragraph 3.

## <u>JURISDICTION AND VENUE</u>

4.      Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over Lanham Act claims, which Plaintiff invokes, but denies that Plaintiff is entitled to any relief under the Lanham Act.  Defendant further admits that this Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367.  Defendant denies that Plaintiff

is entitled to any relief under any state or common law claims because the Court dismissed such claims by its order, entered January 12, 2022.  (ECF No. 24.)

5.     Defendant admits WoodLock Bio-Shield was manufactured with different active ingredients but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies the same.  Defendant asserts that it only sold its product under the name WoodLock Bio-Shield with the active ingredient OIT. Defendant never advertised, promoted, marketed, distributed, or sold any product with the name Bio-Shield II.

6.     Defendant admits that its agent manufactures WoodLock Bio-Shield and that it sold its product WoodLock Bio-Shield with the active ingredient OIT, which was distributed in interstate commerce and within the Eastern District of Virginia.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies the same.

7.     Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same.

8.     Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant does not contest that it is subject to personal jurisdiction in Virginia.  Defendant denies the remaining allegations in Paragraph 8.

9.     Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant does not contest  that venue is proper in this District and that it is subject to personal jurisdiction in this District.  Defendant lacks information and

knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies the same.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the same.

12.     Defendant admits the allegations in Paragraph 12.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant admits wood pallets may be treated to limit the growth of mold, mildew, or fungus, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies the same.

15.     Paragraph 15 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that a fungicide could be used to prevent the growth of mold, mildew, or fungus.

16.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the same.

17.     Paragraph 17 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits its WoodLock Bio-Shield product is subject to the statute identified in Paragraph 17.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies the same.

18.     Defendant admits the allegations in Paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 19 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies the same.

20.     Defendant admits that the EPA maintains the Pesticide Product Label System on the website identified in Paragraph 20.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies the same.

21.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the same.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 22 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies the same.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 23 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies the same.

24.     Defendant admits that the FDA regulates food additives but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies the same.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 25 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies the same.

26.     Defendant admits that Woodlock Bio-Shield is a product to treat wood pallets to prevent the growth of mold or mildew on wood pallets but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies the same.

27.     Defendant denies the allegations of Paragraph 27.

28.     Defendant admits it prepared the SDS for its WoodLock Bio-Shield product and asserts it is a document that speaks for itself and denies any allegation in Paragraph 28 inconsistent with its terms.  Defendant denies the remaining allegations of Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant admits the allegations of Paragraph 30.

31.     Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I, and the remaining allegations in Paragraph 31.

32.     Defendant denies it is currently manufacturing Bio-Shield II and the remaining allegations of Paragraph 32.

33.     Defendant denies it is currently manufacturing Bio-Shield H and the remaining allegations of Paragraph 33.

34.     Defendant admits the allegations of Paragraph 34.

35.     Defendant denies that it authored the Facebook post identified in Paragraph 35. Defendant asserts the Facebook post identified in Paragraph 35 is a document that speaks for itself.  Defendant denies the remaining allegations of Paragraph 35.

36.     Defendant asserts that the SDS identified in Paragraph 36 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.  Defendant admits the remaining allegations in Paragraph 36.

37.     Defendant asserts that the regulation identified in Paragraph 37 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, denies the same.

38.     Paragraph 38 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the statute identified in Paragraph 38 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies the same.

39.     Paragraph 39 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the same.

40.     Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, therefore, denies the same.

41.     Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies the same.

42.     Defendant admits that Bio-Shield I is not listed as a registered pesticide with the EPA in the PPLS.  Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.

43.     Defendant admits that Bio-Shield I is not listed among the over 280 pesticides in PPLS that contain IPBC.  Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.

44.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies the same.

45.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies the same.

46.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies the same.

47.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies the same.

48.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies the same.

49.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies the same.

50.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies the same.

51.     Defendant admits the EPA maintains the Safer Chemical Ingredients List. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies the same.

52.     Defendant admits IPBC is not listed in EPA's Safer Chemical Ingredients List.

53.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies the same.

54.     Defendant asserts that the SDS identified in Paragraph 54 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant admits the remaining allegations in Paragraph 54.

55.     Defendant asserts that the SDS identified in Paragraph 55 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant admits the remaining allegations in Paragraph 55.

56.     Defendant asserts that the regulation identified in Paragraph 56 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, denies the same.

57.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies the same.

58.     Defendant admits Bio-Shield II is not listed as a registered pesticide with EPA in the PPLS.

59.     Defendant admits that Bio-Shield II is not listed among the over 130 pesticides in PPLS that contain octhilinone.

60.     Defendant admits Bio-Shield H is not registered as a pesticide with EPA.

61.     Defendant admits Bio-Shield H is not listed as a registered pesticide with EPA in the PPLS.

62.     Defendant admits Bio-Shield H is not listed among the over 130 pesticides in PPLS that contain octhilinone.

63.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies the same.

64.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies the same.

65.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies the same.

66.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies the same.

67.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies the same.

68.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies the same.

69.     Paragraph 69 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies the same.

70.     Paragraph 70 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies the same.

71.     Paragraph 71 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies the same.

72.     Defendant admits there is no approved FCN for Bio-Shield II.

73.     Defendant admits there is no approved FCN for Bio-Shield H.

74.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies the same.

75.     Paragraph 75 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies the same.

76.     Defendant admits the allegations of Paragraph 76.

77.     Defendant admits the allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

79.     Defendant denies the allegations of Paragraph 79.

80.     Defendant denies the allegations of Paragraph 80.

81.     Defendant denies that it created or maintained the website identified in Paragraph 81.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies the same.

82.     Defendants denies that it created or maintained the Facebook page identified in Paragraph 82.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies the same.

83.     Defendant asserts that the SDS is a document required by OSHA Hazard Communication Standard, 29 C.F.R. § 1910.1200, that speaks for itself.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, denies the same.

84.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies the same.

85.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies the same.

86.     Defendant denies that it currently manufactures or ever marketed or sold Bio-Shield I.  Defendant asserts that the SDS identified in Paragraph 86 is a document that speaks for itself and denies any allegation inconsistent with its terms.

87.     Defendant asserts that the SDS identified in Paragraph 87 is a document that speaks for itself and denies any allegation inconsistent with its terms.

88.     Defendant asserts that the SDS identified in Paragraph 88 is a document that speaks for itself and denies any allegation inconsistent with its terms.

89.     Defendant admits the allegations in Paragraph 89.

90.     Defendant denies publishing any advertisements and denies providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and, therefore, denies the same.

91.     Defendant denies publishing any advertisements and denies providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, therefore, denies the same.

92.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies the same.

93.     Defendant denies publishing any advertisements and denies providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, therefore, denies the same.

94.     Paragraph 94 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies the same.

95.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies the same.

96.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies the same.

97.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies the same.

98.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and, therefore, denies the same.

99.     Paragraph 99 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies the same.

100.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and, therefore, denies the same.

101.     Paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102.     Paragraph 102 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 102.

103.     Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, Defendant asserts that the statute identified in Paragraph 103 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies the remaining allegations in Paragraph 103.

104.     Paragraph 104 states legal conclusions to which no response is required.  To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 104 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies the remaining allegations in Paragraph 104.

105.    Paragraph 105 states legal conclusions to which no response is required.  To the extent a response is required, Defendant asserts that the regulation identified in Paragraph 105 is a document that speaks for itself and denies any allegation inconsistent with its terms.

106.    Paragraph 106 states legal conclusions to which a response to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107.    Paragraph 107 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 107.

108.    Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies the same.

109.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies the same.

110.    Defendant asserts that the regulations referenced in Paragraph 110 are documents that speak for themselves and denies any allegation inconsistent with their respective terms. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 and, therefore, denies the same.

111.    Paragraph 111 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies the same.

112.    Paragraph 112 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies the same.

113.    Paragraph 113 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies the same.

114.    Paragraph 114 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114 and, therefore, denies the same.

115.    Paragraph 115 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 and, therefore, denies the same.

116.    Defendant denies that it authored the Facebook page identified in Paragraph 116 and denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and, therefore, denies the same.

117.    Defendant denies that it authored the Facebook post identified in Paragraph 117 and denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and, therefore, denies the same.

118.    Defendant denies that it authored the Facebook post identified in Paragraph 118 and denies publishing any advertisement or providing any false or misleading statement.

Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 and, therefore, denies the same.

119.     Defendant denies that it authored the Facebook post identified in Paragraph 119 and denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and, therefore, denies the same.

120.     Defendant admits WoodLock Bio-Shield is not registered with EPA.

121.     Defendant denies that it authored the Facebook post identified in Paragraph 121 and denies publishing any advertisement or providing any false or misleading statement.. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 and, therefore, denies the same.

122.     Paragraph 122 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 122.

123.     Paragraph 123 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated FIFRA and the remaining allegations in Paragraph 123.

124.     Defendant denies that it authored the Facebook post identified in Paragraph 124 and denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 and, therefore, denies the same.

125.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and, therefore, denies the same.

126.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, therefore, denies the same.

127.     Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 and, therefore, denies the same.

128.     Paragraph 128 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.

129.     Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and, therefore, denies the same.

130.     Defendant admits IPBC is not on the EPA Safer Chemicals List.

131.     Defendant asserts that the EPA Safer Chemicals List and article identified in Paragraph 131 are documents that speaks for themselves and denies any allegation inconsistent with their respective terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 and, therefore, denies the same.

132.     Paragraph 132 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies the same.

133.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, therefore, denies the same.

134.    Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 and, therefore, denies the same.

135.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies the same.

136.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and, therefore, denies the same.

137.    Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 and, therefore, denies the same.

138.    Defendant asserts that the EPA guidance identified in Paragraph 138 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 and, therefore, denies the same.

139.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies the same.

140.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies the same.

141.    Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and, therefore, denies the same.

142.    Paragraph 142 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any

false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and, therefore, denies the same.

143.    Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 and, therefore, denies the same.

144.    Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 and, therefore, denies the same.

145.    Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 and, therefore, denies the same.

146.    Paragraph 146 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 and, therefore, denies the same.

147.    Paragraph 147 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 and, therefore, denies the same.

148.     Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 and, therefore, denies the same.

149.     Paragraph 149 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 and, therefore, denies the same.

150.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 and, therefore, denies the same.

151.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and, therefore, denies the same.

152.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and, therefore, denies the same.

153.     Paragraph 153 states a legal conclusion to which no response is required. Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, therefore, denies the same.

154.     Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, therefore, denies the same.

155.     Defendant denies publishing any advertisement or providing any false or misleading statement. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and, therefore, denies the same.

156.     Paragraph 156 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and, therefore, denies the same.

157.     Paragraph 157 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 and, therefore, denies the same.

158.     Paragraph 158 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and, therefore, denies the same.

160.     Paragraph 160 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 160 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant

denies it failed to disclose any information in the SDS or made any false claim regarding IPBC and denies the remaining allegations in Paragraph 160.

161.    Defendant asserts that the SDS identified in Paragraph 161 is a document that speaks for itself and denies any allegation inconsistent with its terms.

162.    Defendant asserts that the SDS identified in Paragraph 162 is a document that speaks for itself and denies any allegation inconsistent with its terms.

163.    Defendant asserts that the SDS identified in Paragraph 163 is a document that speaks for itself and denies any allegation inconsistent with its terms.

164.    Defendant asserts that the SDS identified in Paragraph 164 is a document that speaks for itself and denies any allegation inconsistent with its terms.

165.    Paragraph 165 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 165 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 165.

166.    Paragraph 166 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 166 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 166.

167.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 and, therefore, denies the same.

168.    Defendant asserts that the SDS identified in Paragraph 168 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies it failed to disclose any information in the SDS or made any false claim regarding IPBC and denies the remaining allegations in Paragraph 168.

169.    Defendant asserts that the SDS identified in Paragraph 169 is a document that speaks for itself and denies any allegation inconsistent with its terms.

170.    Defendant asserts that the SDS identified in Paragraph 170 is a document that speaks for itself and denies any allegation inconsistent with its terms.

171.    Defendant asserts that the SDS identified in Paragraph 171 is a document that speaks for itself and denies any allegation inconsistent with its terms.

172.    Defendant asserts that the SDS identified in Paragraph 172 is a document that speaks for itself and denies any allegation inconsistent with its terms.

173.    Paragraph 173 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 173 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 173

174.    Paragraph 174 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 174 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 174.

175.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175 and, therefore, denies the same.

176.    Defendant asserts that the SDS identified in Paragraph 176 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies it failed to disclose any information in the SDS and denies the remaining allegations in Paragraph 176.

177.    Defendant asserts that the SDS identified in Paragraph 177 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies it omitted any information in the SDS or that the SDS is misleading and denies the remaining allegations in Paragraph 177.

178.    Defendant asserts that the SDS identified in Paragraph 178 is a document that speaks for itself and denies any allegation inconsistent with its terms.

179.    Paragraph 179 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 179 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 179.

180.    Defendant asserts that the SDS identified in Paragraph 180 is a document that speaks for itself and denies any allegation inconsistent with its terms.

181.    Paragraph 181 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant asserts that the SDS identified in Paragraph 181 is a document that speaks for itself and denies any allegation inconsistent with its terms.  Defendant denies that any statement in the SDS is false or misleading and denies the remaining allegations in Paragraph 181.

182.     Paragraph 182 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 182.

183.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183 and, therefore, denies the same.

184.     Paragraph 184 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 184.

185.     Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 and, therefore, denies the same.

186.     Paragraph 186 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 186.

187.     Paragraph 187 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 187.

188.     Paragraph 188 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 188.

189.     Paragraph 189 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies publishing any advertisement or providing any false or misleading statement.  Defendant denies the remaining allegations in Paragraph 189.

190.     Paragraph 190 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 190.

191.     Paragraph 191 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 191.

## COUNT I

### False Advertising Under the Lanham Act – 15 U.S.C. § 1125(a)

192.     Defendant incorporates the responses in Paragraphs 1 through 192 as if fully stated herein.

193.     Paragraph 193 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 193.

194.     Paragraph 194 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 194.

195.     Defendant denies the allegations in Paragraph 195.

196.     Defendant denies the allegations in Paragraph 196.

197.     Paragraph 194 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 197.

198.     Defendant denies the allegations in Paragraph 198.

199.     Paragraph 199 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 199.

200.     Paragraph 200 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 200.

201.     Paragraph 201 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 201.

202.     Paragraph 202 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 202.

203.     Paragraph 203 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 203.

204.     Paragraph 204 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 204.

205.     Paragraph 205 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 205.

<u>**COUNT II**</u>

**Contributory False Advertising under the Lanham Act - 15 U.S.C. § 1125(a)**

206.     Defendant incorporates the responses in Paragraphs 1 through 205 as if fully stated herein.

207.     Paragraph 207 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 207.

208.     Paragraph 208 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 208.

209.     Paragraph 209 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 209.

210.     Paragraph 210 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 210.

211.     Paragraph 211 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 211.

212.     Paragraph 212 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 212.

213.     Paragraph 213 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 213.

214.     Paragraph 214 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 214.

215.     Paragraph 215 states a legal conclusion to which no response is required.  To the extent a response is required Defendant denies the allegations in Paragraph 215.

216.     Paragraph 216 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 216.

217.     Paragraph 217 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 217.

218.     Paragraph 218 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 218.

219.     Paragraph 219 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 219.

220.     Paragraph 220 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 220.

221.     Paragraph 221 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 221.

## COUNT III

### Unfair Competition Under the Lanham Act – 15 U.S.C. § 1125(a)

222.     Defendant incorporates the responses in Paragraphs 1 through 221 as if fully stated herein.

223.     Paragraph 223 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 223.

224.     Paragraph 224 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 224.

225.     Defendant denies the allegations in Paragraph 225.

226.     Paragraph 226 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 226.

227.     Paragraph 227 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 227.

228.     Paragraph 228 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 228.

229.     Paragraph 229 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 229.

## COUNT IV

### Violation of the Virginia Consumer Protection Act

Paragraphs 230 through 235 of the Complaint were dismissed pursuant to the Court's Order entered January 12, 2022.  (ECF No. 24.)

## COUNT V

### Common Law Unfair Competition

Paragraphs 236 through 242 of the Complaint were dismissed pursuant to the Court's Order entered January 12, 2022.  (ECF No. 24.)

### PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief, and requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant such other relief as the Court may deem just and proper.

### FURTHER RESPONSES

1.      Defendant denies any and all allegations not admitted without reservation.

2.      Defendant denies any liability to Plaintiff under any theory whatsoever. Defendant asserts the following defenses:

### AFFIRMATIVE DEFENSES

For its Affirmative Defenses, and without altering the burdens of proof, Defendant states as follows:

1.      Plaintiff fails to state a claim on which relief may be granted under the Lanham Act because Defendant did not make a false or misleading statement.

2.      Plaintiff asserts a claim or claims for which there is no recognized cause of action.

3.      Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

4.      Plaintiff has not alleged any damages for which relief may be granted.

5.      Defendant has never advertised, marketed, or sold WoodLock Bio-Shield product containing Iodopropynl Butyl Carbamate.

6.      WoodLock Bio-Shield is a substance treated with or containing a pesticide that is exempt from registration with the EPA.

7.      Defendant reserves the right to raise additional Affirmative Defenses based on facts which may be disclosed during discovery.  Defendant further reserves the right to amend this Answer accordingly, or to delete affirmative defenses it determines during the course of subsequent discovery are not applicable.

Date:  January 26, 2022                              Respectfully submitted,

                                                     By Counsel

/s/Robert D. Michaux_____
Robert D. Michaux (VSB No. 80701)
rmichaux@cblaw.com
Belinda D. Jones (VBS No. 72169)
bjones@cblaw.com
CHRISTIAN & BARTON LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4100
(F) (804) 697-4110

*Counsel for Defendant*
  *J&G Manufacturing LLC*

## CERTIFICATE OF SERVICE

I certify that on January 26, 2022, I caused a copy of the foregoing pleading to be filed electronically with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record as follows:

Bassam N. Ibrahim
bassam.ibrahim@bipc.com
S. Lloyd Smith
lloyd.smith@bipc.com
Brian H. Gold
brian.gold@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, Virginia 22314

*Counsel for Plaintiff*

Jaime B. Wisegarver
jwisegarver@hirschlerlaw.com
R. Webb Moore
wmoore@hirschlerlaw.com
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218

*Counsel for Defendant*
*Pallet Machinery Group Inc.*

/s/Robert D. Michaux
Robert D. Michaux (VSB No. 80701)
rmichaux@cblaw.com
Belinda D. Jones (VBS No. 72169)
bjones@cblaw.com
CHRISTIAN & BARTON LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4100
(F) (804) 697-4110

*Counsel for Defendant*
  *J&G Manufacturing LLC*

2809511