IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ISK BIOCIDES, INC.,
        Plaintiff,

v.                                                 Civil Action No. 3:21cv386

PALLET MACHINERY GROUP LLC
& J&G MANUFACTURING LLC,
        Defendants.

## INITIAL PRETRIAL ORDER

This case is scheduled for a jury trial **September 26–30, 2022**.

1.    **Contact Information.**    Counsel shall disclose to each other their email addresses as well as street addresses, which shall not be a post office box. Pro se litigants shall not be governed by this rule, and counsel need not disclose a street address to pro se litigants.

2.    **Answer and Joinder.**    Any party who has not done so shall file an answer within ten (10) days of the date of this Order, notwithstanding any pending dispositive motions. In extraordinary cases, the Court will modify this requirement on motion of a party.

Any motion to join additional parties shall be filed within thirty (30) days of the date of this Order. Any such motions that do not comply with this provision will be entertained only upon the showing of good cause.

Motions to amend pleadings shall be filed in accordance with Federal Rule of Civil Procedure 15(a).

3.    **Discovery.**    All discovery shall be completed by **Friday, July 22, 2022**. Written discovery shall be served such that the responses are due by no later than **Friday, July 22, 2022**.

No party shall take more than five (5) depositions of non-party witnesses. Parties must request leave of Court to take more than five non-party depositions. For purposes of this

paragraph, a deposition of a non-party entity under Fed. R. Civ. P. 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

Counsel shall serve all discovery requests by e-mail. In addition, a hard copy shall be served. Pro se litigants, however, are not required to serve discovery by e-mail, and represented parties are not required to serve pro se litigants by e-mail.

4. **Expert Witnesses.** The parties will disclose the information required under Rule 26(a)(2) on the following schedule: Party with the burden of proof on an issue by **Friday, May 27, 2022**; opposing party by **Tuesday, June 28, 2022**; rebuttal expert(s) by **Wednesday, July 13, 2022**. Motions, by either party, challenging the designation of experts shall be filed by at least **Thursday, July 28, 2022**.

Each party may call only one expert per discipline absent Court order.

5. **Settlement.** Counsel shall notify the Court immediately of any settlement. The parties must present a final order within fifteen (15) calendar days of notification. If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

6. **Motions.** Motions for summary judgment shall be filed by no later than **Thursday, July 28, 2022**.

Motions in limine shall be filed so that they can be fully briefed before the final pretrial conference, at which time the Court will rule on them. If no final pretrial conference is scheduled, motions in limine shall be filed so that they mature for hearing by no later than **Friday, September 16, 2022**.

Any motions to seal shall comply with Local Rule 5. The parties shall use their best efforts to minimize requests for sealing. The Court also notifies all parties that it disfavors sealing motions and is unlikely to grant broad sealing requests.

The parties may request oral argument on any motion, but it is the Court's policy, pursuant to Local Civil Rule 7(J), not to hear oral argument if a motion may be decided without an oral hearing. Local Civil Rule 7(E) is hereby abrogated insofar as it renders motions withdrawn for failure to set a hearing within thirty (30) days of filing. A party need not contact the Court to schedule a hearing if it does not, in fact, desire a hearing on its motion. Parties are encouraged to request oral argument in order to provide experience to relatively new lawyers.

Once filed with the Clerk, one (1) courtesy copy of all pleadings and motions longer than thirty (30) pages shall be delivered to chambers by the next business day.

7. **Stipulations.** Counsel shall meet or confer by telephone by no later than **Wednesday, August 17, 2022**, in an attempt to enter into stipulations of fact. Each plaintiff's counsel shall file the agreed upon stipulations with the Clerk of Court by no later than **Friday, August 26, 2022**. This paragraph shall not apply to pro se litigants.

8. **Designation of Discovery.** By **Wednesday, August 17, 2022**, each plaintiff shall designate any discovery, including deposition excerpts, the plaintiff intends to introduce at trial. By **Friday, August 26, 2022**, each defendant shall designate any discovery the defendant intends to introduce, including "fairness" portions of deposition transcripts. Each plaintiff may designate any rebuttal discovery by **Thursday, September 1, 2022**.

The parties must file their designations with the Court. In designating portions of depositions for use at trial, the parties must indicate the page and line numbers of excerpts.

In non-jury cases, by **Tuesday, September 6, 2022**, the parties shall confer and deliver to chambers joint summaries of deposition testimony for all depositions that have been designated, pursuant to the Local Rules.

Any objections to the use of designated discovery shall be filed by **Tuesday, September 6, 2022**, with a copy of the discovery objected to. Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Order of this Court, or other authority.

Discovery not designated pursuant to this paragraph shall not be admitted into evidence.

Parties need not designate discovery materials used solely for impeachment or cross-examination.

9. **List of Witnesses.** By **Wednesday, August 17, 2022**, each plaintiff shall file a list of witnesses who may be called. By **Friday, August 26, 2022**, each defendant shall file a list of witnesses. Each plaintiff shall file a list of rebuttal witnesses by **Thursday, September 1, 2022**. Witnesses named in the plaintiff's initial list of witnesses need not be listed as rebuttal witnesses. All parties' witness lists must include witnesses called exclusively for impeachment or rebuttal.

Any objections to witnesses identified shall be filed with the Court by **Tuesday, September 6, 2022**. Objections shall state the basis of the objection and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any witnesses not listed pursuant to this paragraph will not be allowed to testify.

10. **List of Exhibits.** Each plaintiff shall file a list of exhibits by **Wednesday, August 17, 2022**. Each defendant shall file a list of exhibits by **Friday, August 26, 2022**. Each plaintiff shall file a list of rebuttal exhibits by **Thursday, September 1, 2022**. With each list, the parties will serve on opposing counsel copies of the exhibits. The exhibits shall be numbered and,

if more than ten (10) in number or more than twenty (20) total pages, bound in notebooks. The parties shall include on the respective lists all exhibits that may be offered for demonstrative purposes.

Any objections to proposed exhibits shall be filed with the Court by **Tuesday, September 6, 2022**, with a copy of the exhibits objected to. Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any exhibit to which no objection is made shall be deemed admitted into evidence without further action by counsel.

Any exhibit not listed pursuant to this paragraph will not be admitted into evidence.

11. **Final Pretrial Conference.** At the final pretrial conference, the Court will rule on motions in limine and objections to exhibits and witnesses. In some cases, the Court may not schedule a final pretrial conference. In those cases, the parties should call chambers to set a date to argue motions in limine.

12. **Voir Dire.** If this is a jury case, the parties shall file proposed voir dire questions by **Wednesday, September 21, 2022**. The parties shall email these copies to chambers in WORD format. The parties can call chambers to obtain the appropriate email address.

13. **Jury Instructions.** If this is a jury case, each party shall file proposed instructions by **Wednesday, September 21, 2022**. The parties shall submit two copies, one with authority at the bottom and one without authority. The parties shall email these copies to chambers in WORD format. The parties can call chambers to obtain the appropriate email address.

The parties need only submit jury instructions on the substantive claims, as the Court has standard introductory and procedural jury instructions that it uses. The parties may request a copy of these instructions by contacting chambers.

14. **Proposed Findings of Fact and Conclusions of Law.** If this case is tried without a jury, the parties shall file proposed findings of fact and conclusions of law by **Wednesday, September 21, 2022**. The parties shall email a copy of the proposed findings and conclusions to chambers in WORD format.

15. **Pretrial Briefs.** The parties may file pretrial bench briefs on material issues expected to arise at trial. Pretrial briefs are encouraged by the Court. Pretrial briefs are due by **Friday, September 16, 2022**.

16. **Copies at Trial.** Counsel shall provide the Court with five (5) copies of exhibits on the day of trial, one for the judge, one for the courtroom clerk, one for the law clerk, one for the court reporter, and one for the witness. If more than ten (10) in number or more than twenty (20) total pages, the exhibits shall be bound in a notebook. If counsel wishes to publish an exhibit to the jury, counsel shall display the exhibit electronically, provide a copy for each juror, or enlarge the exhibit so that all jurors can see it from the jury box.

17. **Technology.** The courtroom is equipped with screens for the viewing of evidence. Monitors are located on counsel tables, on the bench, and in the jury box. The courtroom has a document viewer that displays documents on the monitors; the parties may use the document viewer. Please visit the following website for complete information on the Court's evidence presentation system and technology:

http://www.vaed.uscourts.gov/resources/Court%20Technology/evidence_presentation_systems.htm

The courtroom is equipped to allow the parties to use personal laptop computers to aid in displaying evidence at trial. The Court does not provide computers for the use of parties. Before

6

bringing a computer into the courthouse, counsel must request permission to do so by submitting the Request to Use the Court's Evidence Presentation System and Request for Authorization to bring in electronic device(s), which are attached to this Order. Counsel should confer with the deputy clerk to conduct a test of the courtroom technology before trial.

Counsel can no longer bring cellphones into the courthouse without a signed authorization form. No later than three (3) days before any scheduled court appearance, counsel should submit the above-referenced authorization form requesting permission to bring any cellphones or other electronic devices into the Court. While in the courthouse, telephones and calendars shall be turned off (not on silent or vibrate modes), except when in use on matters related to the case.

18. **Attorneys' Fees.** Any motion for an award of attorneys' fees will be addressed after trial, pursuant to Fed. R. Civ. P. 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and/or decisional law. In submitting a motion for an award of fees, a party must submit an affidavit or declaration itemizing time spent on the case, describing the work done, and the hourly rate of the person billing the case. In addition, a party must submit an affidavit or declaration from an expert to establish the reasonableness of the fees. Motions for attorneys' fees shall be accompanied by a brief.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: \_\_\_1\_\_ March 2022
Richmond, VA

IF THIS CASE IS SETTLED PRIOR TO TRIAL, PLEASE CONTACT CHAMBERS AT (804) 916-2870.

# Request for Authorization to bring electronic device(s) into the United States District Court for the Eastern District of Virginia

The following named person(s) is authorized to bring the below described electronic device(s) into the United States District Court for the Eastern District of Virginia on the date(s) specified:

Authorized Person(s): _____

_____

_____

Electronic Device(s): _____

_____

_____

Purpose and Location Of Use: _____

Case No.: _____

Date(s) Authorized: _____

IT Clearance Waived: _____(Yes)       _____(No)

APPROVED BY:

Date:_____        _____
                                United States District/Magistrate/Bankruptcy Judge

**A copy of this signed authorization must be presented upon entering the courthouse.**

IT Clearance:   _____    _____
                IT Staff Member                    Date(s)

**IT clearance must be completed, unless waived, before court appearance.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Request to Use the Court's Evidence Presentation System**

I hereby request the use of the court's evidence presentation system and permission to bring a laptop computer into the courthouse to utilize with the system. I acknowledge that I have read, understand, and agree to follow all of the guidance available to me on the court's website regarding usage of the presentation system and my computer, as well as those items specifically addressed below:

- If necessary, I will schedule an orientation to ensure that I have all equipment necessary and understand how the system operates. I must obtain written authorization from chambers to bring a laptop computer to the scheduled orientation. Orientation provides instruction on use of the court's evidence presentation system and an opportunity for testing my laptop computer connections. Practicing presentations and preparing witnesses are not authorized without court approval.

- The court does not provide any equipment for in-court presentations such as scanned documents, animations, graphics, audio and video files from VHS, CD, DVD, Blu-ray, or external drives like a USB thumb drive. All files must be presented from my laptop computer.

- I am responsible for operating the evidence presentation system, and court employees are not authorized to operate my laptop computer. My staff, litigation support contractors, and I are not authorized to remove, relocate, or reconfigure any of the court's evidence presentation system equipment.

- Wi-Fi or any other wireless access to data, webcams, and any recording capabilities on my laptop computer must be disabled while in the courthouse. Visible evidence, such as red tape, may be placed over the webcam to prevent video recording.

- Internet service is not provided by the court in the courtroom.

I further agree, as directed by the court, to make any approved system available for, and assist with, inspection by court staff.

_____          _____
(Signature)                              (Date)

_____          _____
(Typed or Printed Name)                  (VA Bar Number)