IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ISK BIOCIDES, INC.,
        Plaintiff,

v.                                                    Civil Action No. 3:21cv386

PALLET MACHINERY GROUP INC.
& J&G MANUFACTURING LLC,
        Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on the plaintiff's, ISK Biocides, Inc.'s ("ISK"), motions to strike Pallet Machinery Group Inc.'s ("PMG") and J&G Manufacturing LLC's ("J&G") affirmative defenses under Federal Rule of Civil Procedure 12(f). (ECF Nos. 30, 31.) ISK claims that the defendants' affirmative defenses merely restate their denials of the allegations in the complaint, are invalid, or fail to provide fair notice of the defense. ISK further claims that it will face prejudice if it must conduct discovery related to these defenses.

Having reviewed the defendants' answers, the Court has difficulty characterizing most of the defendants' "affirmative defenses" as such. Instead of asserting "facts and arguments that, if true, [would] defeat [ISK's] claim," *Defense, Black's Law Dictionary* 451 (11th ed. 2019), in many cases the defendants simply restate their previously pleaded denials. The Court receives countless answers like this, where the defendants throw any conceivable argument or denial into a catch-all section inaptly titled "Affirmative Defenses." Though potentially burdensome, and frequently ineffective, in this case PMG's and J&G's adherence to this practice does not prejudice ISK. The Court, with one exception, DENIES ISK's motions to strike due to this lack of prejudice. The Court GRANTS ISK's motion to strike J&G's fourth affirmative defense because it fails to provide ISK fair notice of the basis of the defense.

### *A. The Defendants' Answers*

J&G asserts the following "affirmative defenses" in its answer:

> 1. Plaintiff fails to state a claim on which relief may be granted under the Lanham Act because Defendant did not make a false or misleading statement.
>
> 2. Plaintiff asserts a claim or claims for which there is no recognized cause of action.
>
> 3. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.
>
> 4. Plaintiff has not alleged any damages for which relief may be granted.
>
> 5. Defendant has never advertised, marketed, or sold WoodLock Bio-Shield product containing Iodopropynl Butyl Carbamate.
>
> 6. WoodLock Bio-Shield is a substance treated with or containing a pesticide that is exempt from registration with the EPA.
>
> 7. Defendant reserves the right to raise additional Affirmative Defenses based on facts which may be disclosed during discovery. Defendant further reserves the right to amend this Answer accordingly, or to delete affirmative defenses it determines during the course of subsequent discovery are not applicable.

(ECF No. 26.) PMG asserts the following "affirmative defenses" in its answer:

> 1. PMG has never advertised, marketed, or sold a WoodLock Bio-Shield product containing Iodopropynl Butyl Carbamate ("IPBC").
>
> 2. Plaintiff's claims are barred because the alleged statements at issue were true; were not misleading or deceptive; and/or constitute non-actionable puffery.
>
> 3. The use of WoodLock Bio-Shield to treat polymers falls within the Treated Articles Exemption.
>
> 4. Plaintiff's claims are barred because Plaintiff's interests, damages, and injuries do not fall under the zone of protected interests under the Lanham Act.
>
> 5. Plaintiff is not entitled to injunctive relief because the Plaintiff has an adequate remedy at law.
>
> 6. Plaintiff has not been damaged by any conduct or actions of Defendants.
>
> 7. PMG reserves the right to assert additional defenses as investigation and discovery continue.

2

(ECF No. 25.)

### *B. Legal Standard*

ISK challenges all of the defendants' affirmative defenses. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In general, an affirmative defense "may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274, at 455–56 (2d ed. 1990)).[1] "An affirmative defense is the '"defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true."'" *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003)).

---

[1] Since the Supreme Court established a heightened pleading standard for complaints in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Fourth Circuit has not stated whether this standard also applies to affirmative defenses. Absent binding precedent on this issue, the Court finds that the heightened pleading standard outlined in those cases does not apply to PMG's or J&G's affirmative defenses here and, thus, will apply the fair notice standard. *See Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014) (applying the fair notice standard and examining "'whether the challenged defense[s] are contextually comprehensible,' and possibly related to the controversy" (quoting *Grant*, 2014 WL 792119, at *4, and *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218, 2011 WL 98573, at *1 (E.D. Va. Jan. 10, 2011))).

The language of the Federal Rules of Civil Procedure supports this result. Though the rule for complaints specifically requires a "showing that the pleader is entitled to relief," the rule for defenses contains no such requirement. *Compare* Fed. R. Civ. P. 8(a)(2), *with id.* 8(b)(1)(A) (requiring only that a responding party "state in short and plain terms its defenses to each claim asserted against it"). Further, as a policy matter, the Federal Rules of Civil Procedure provide a defendant with only limited time to respond to a plaintiff's complaint. *See id.* 12(a). To hold a defendant's affirmative defenses to the same standard as a plaintiff's claims for relief at such an early stage of the litigation might unfairly foreclose reliance on defenses that may, with time and discovery, otherwise prove valid.

3

The Court may strike an insufficient defense if "'the challenged allegations are "so unrelated to the plaintiff[']s claims as to be unworthy of any consideration as a defense and . . . their presence in the pleading throughout the proceeding will be prejudicial to the moving party."'" *Grant v. Bank of Am., N.A.*, No. 2:13cv342, 2014 WL 792119, at *2 (E.D. Va. Feb. 25, 2014) (quoting *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009)). Even where prejudice does not exist, the Court may strike legally insufficient defenses "when there is no *bona fide* issue of fact or law." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). Courts tend to view motions to strike with disfavor, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, at 647 (2d ed. 1990)).

### C. J&G's Affirmative Defenses

J&G's first and second affirmative defenses, respectively, provide that ISK fails to state a claim on which relief may be granted and asserts claims for which no recognized cause of action exists. ISK asks the Court to strike these defenses because they do not constitute valid affirmative defenses and are "redundant and impertinent." (ECF No. 30, at 4.)

The defendants have already filed, and the Court has already ruled on, a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. A failure to state a claim defense may also, however, "serve as a basis for summary judgment." *Backus v. City of Parkersburg*, 980 F. Supp. 2d 741, 745 (S.D.W. Va. 2013) ("In a summary judgment context, the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact." (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 610 F. Supp. 2d 600, 607

4

(S.D. Tex. 2009))). The Court thus finds that J&G's first affirmative defense—that ISK fails to state a claim upon which relief may be granted—does not constitute redundant material DENIES ISK's motion to strike it.[2]

The Court also addressed J&G's second affirmative defense—that ISK asserts a claim or claims for which there is no recognized cause of action—in its Opinion on the defendants' motion to dismiss. There, the Court allowed ISK's novel contributory false advertising claim to proceed beyond the motion to dismiss stage so that the Court could "explore[] and assay[ this new legal theory] in the light of actual facts." *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004) (quoting *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 623 (9th Cir. 1985)); (*see also* ECF No. 23, at 13 n.15). Because the Court did not foreclose the possibility that J&G could move for summary judgment or otherwise defend itself on these grounds, the Court DENIES ISK's motion to strike this defense.

ISK also challenges J&G's third, fifth, and sixth affirmative defenses because they "merely restate[]" J&G's denials of ISK's allegations and asks the Court to strike them as "immaterial and redundant." (ECF No. 30, at 7, 10.) Upon review of these defenses, the Court finds that J&G's fifth and sixth affirmative defenses more closely resemble denials.[3] *See Emergency One, Inc.*, 332 F.3d at 271 (quoting *Saks*, 316 F.3d at 350). The Court will nevertheless deny the motion to strike

---

[2] *See also* Fed. R. Civ. P. 12(b) (a party may assert a failure to state a claim by motion, but *must* assert "[e]very defense to a claim for relief in . . . the responsive pleading").

[3] For J&G's fifth affirmative defense—that J&G "has never advertised, marketed, or sold WoodLock Bio-Shield product containing Iodopropynl Butyl Carbamate," *compare* ECF No. 26, Statement of Facts ¶¶ 26, 36, *with id.* Affirmative Defenses ¶ 5. For J&G's sixth affirmative defense—that "WoodLock Bio-Shield is a substance treated with or containing a pesticide that is exempt from registration with the EPA," *compare id.*, Statement of Facts ¶ 101, *with id.* Affirmative Defenses ¶ 6.

because this material will not prejudice ISK.[4] Though these repetitive statements add little to J&G's pleadings, their very redundancy means that they should not require ISK to seek additional discovery. Finding no prejudice to ISK, the Court characterizes J&G's fifth and sixth affirmative defenses as denials, and DENIES ISK's motion to strike them.[5]

J&G's third affirmative defense—that ISK is not entitled to injunctive relief—raises a new argument that, if true, would defeat ISK's claim for injunctive relief: namely, that ISK has an adequate remedy at law. The Court DENIES ISK's motion to strike this defense.

Next, ISK says that J&G has not provided fair notice of the basis for its fourth affirmative defense—that ISK "has not alleged any damages for which relief may be granted." (ECF No. 26, Affirmative Defenses ¶ 4.) Specifically, ISK argues that it cannot tell whether the defense relates to the *existence* of damages, or ISK's *entitlement* to damages. The Court finds that J&G's "threadbare" assertion does not provide ISK with fair notice of this defense. Not only does J&G fail to explain the basis for the defense, but it also fails to specify to which claims the defense applies. *Flame*, 2014 WL 2871432, at *3. The Court GRANTS ISK's motion to strike this affirmative defense. J&G may file an amended answer to fix this deficiency. *See id.*

Finally, ISK says that J&G's seventh affirmative defense, which "reserves the right to raise additional Affirmative Defenses based on facts which may be disclosed during discovery," does not constitute a valid affirmative defense. (ECF No. 30, at 8.) The Court agrees, but

---

[4] *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 709 F. Supp. 2d 432, 437 (E.D. Va. 2010) ("[A] motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant." (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)).

[5] *See Alston v. Transunion*, No. 16-491, 2017 WL 464369, at *3 (D. Md. Feb. 1, 2017) (interpreting the defendant's affirmative defenses as denials and denying the plaintiff's motion to strike).

"perceives no prejudice to [ISK] resulting from this pleading." *Francisco v. Verizon S., Inc.*, No. 3:09cv737, 2010 WL 2990159, at *9 (E.D. Va. July 29, 2010). The Court DENIES ISK's motion to strike this defense.

### D. *PMG's Affirmative Defenses*

ISK challenges PMG's first through sixth affirmative defenses because they "merely restate[]" PMG's denials of ISK's allegations and asks the Court to strike them as "immaterial and redundant." (ECF No. 31, at 4.) The Court has reviewed these affirmative defenses and finds that PMG's first, third, fourth, and sixth affirmative defenses more closely resemble denials, rather than affirmative defenses.[6] *See Emergency One, Inc.*, 332 F.3d at 271. It further finds, as it did with J&G's fifth and sixth affirmative defenses, that this material will not prejudice ISK.[7] The Court thus characterizes PMG's first, third, fourth, and sixth affirmative defenses as denials, and DENIES ISK's motion to strike them.

---

[6] For PMG's first affirmative defense—that PMG "has never advertised, marketed, or sold a WoodLock Bio-Shield product containing [IPBC]," *compare* ECF No. 25, Statement of Facts ¶¶ 26, 36, *with id.* Affirmative Defenses ¶ 1. For PMG's third affirmative defense—that the "use of WoodLock Bio-Shield to treat polymers falls within the Treated Articles Exemption," *compare id.*, Statement of Facts ¶ 101, *with id.* Affirmative Defenses ¶ 3. For PMG's sixth affirmative defense—that ISK "has not been damaged by any [of J&G's] conduct or actions," *compare id.*, Statement of Facts ¶¶ 187, 189, 191, 201, 217, 226, *with id.* Affirmative Defenses ¶ 6.

To overcome PMG's fourth affirmative defense that ISK's "claims are barred because [its] interests, damages, and injuries do not fall under the zone of protected interests under the Lanham Act," (ECF No. 25, Affirmative Defenses ¶ 4), ISK "must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014) (explaining that even a consumer who has an injury-in-fact under Article III may fall outside of the Lanham Act's protections). In its answer, PMG denies ISK's allegations of harm to its reputation or sales. (*Compare* ECF No. 25, Statement of Facts ¶¶ 201, 217, 226, *with id.* Affirmative Defenses ¶ 4.)

[7] *See supra* note 4.

7

PMG's second and fifth affirmative defenses raise new arguments that, if true, would defeat ISK's claims. In its second affirmative defense, PMG says that the statements at issue "constitute non-actionable puffery." (ECF No. 25, Affirmative Defenses ¶ 2). The Fourth Circuit has held that "the [Lanham] Act does not reach what is known as 'puffery'—'exaggerated advertising, blustering, and boasting,' or 'vague' and 'general claim[s] of superiority'—on the theory that no reasonable person would rely on such superlatives." *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 302–03 (4th Cir. 2017) (quoting *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000)). The Court DENIES the motion to strike this defense.

Like J&G, PMG's fifth affirmative defense provides the new argument that injunctive relief is not appropriate because ISK has an adequate remedy at law. The Court DENIES ISK's motion to strike this defense.

Finally, ISK says that PMG's seventh affirmative defense, which "reserves the right to assert additional defenses as investigation and discovery continue," does not constitute a valid affirmative defense. (ECF No. 25, at 23 ¶ 7.) As with J&G's parallel affirmative defense, the Court agrees that this does not constitute a defense. But because the Court "perceives no prejudice to [ISK] resulting from this pleading," it DENIES ISK's motion to strike it. *Francisco*, 2010 WL 2990159, at *9.

### *E. Conclusion*

For the foregoing reasons, the Court GRANTS ISK's motion to strike J&G's fourth affirmative defense, (ECF No. 30), and DENIES the motion in all other respects. The Court DENIES ISK's motion to strike PMG's affirmative defenses. (ECF No. 31.) The Court ORDERS J&G to file an amended answer, either remedying the deficiency in or removing its fourth affirmative defense, **on or before** June 28, 2022.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 14 June 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge